IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HASSAN NUR,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>ICE, *et al.*,<br><br>　　　　　Respondents. | CASE NO. 4:25-CV-02501-DAR<br><br>JUDGE DAVID A. RUIZ<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**REPORT AND RECOMMENDATION** |

On November 17, 2025, Petitioner Hassan Nur filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. (ECF #1). He asserts his continued detention in Immigration and Customs Enforcement (ICE) custody pending removal is unlawful and requests his release or removal from the United States. (*Id.* at PageID 7). On November 18, 2025, this case was referred to me under Local Civil Rule 16.2 for preparation of a Report and Recommendation. (Non-document entry dated Nov. 18, 2025). That day, I directed Respondents to show cause why the writ should not be granted. (ECF #3).

On November 24, 2025, Respondents moved to dismiss the petition. (ECF #4). Mr. Nur was directed to respond to the motion no later than December 23, 2025. (Non-document entry dated Nov. 26, 2025). He has not responded or requested further time to do so, making the motion now decisional. As detailed below, I recommend the District Court **GRANT** the motion, **DISMISS** the petition **WITHOUT PREJUDICE**.

BACKGROUND

ICE records detail that Mr. Nur entered the United States from Somalia on December 14, 2009. (ECF #4-1 at PageID 25). In 2016, Mr. Nur was convicted in Virginia for felony sexual penetration with an animate or inanimate object in violation of Virginia Code Ann. § 18.2-67.2. (*Id.* at PageID 26). Mr. Nur was sentenced to seven years' imprisonment. (*Id.*).

On July 18, 2022, ICE served Mr. Nur a notice to appear charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) because he was convicted of an aggravated felony. (*Id.*). On July

1

29, 2022, Mr. Nur was transferred to ICE custody. (*Id.*). On December 22, 2022, Mr. Nur was ordered removed to Somalia but was granted relief from removal under Article 3 of the United Nations Convention Against Torture.[1] (*Id.*).

On March 23, 2023, Mr. Nur was released from ICE custody under an Order of Supervision because ICE was unable to secure travel documents necessary for his removal to Somalia and no third country was found for removal. (*Id.*). Mr. Nur reported regularly to ICE agents in Baltimore, Maryland until 2025. (*Id.*). On May 28, 2025, Mr. Nur orally requested removal from the United States. (*Id.*). On August 22, 2025, Mr. Nur's Order of Supervision was revoked, and he was taken into ICE custody again. (ECF #1 at PageID 6; ECF #4-1 at PageID 25; ECF #4-2 at PageID 29). On September 18, 2025, Mr. Nur again requested removal from the United States. (ECF #4-2 at PageID 28). On November 17, 2025, ICE continued Mr. Nur's detention and indicated "a significant likelihood of removal in the reasonably foreseeable future exists to a third country." (ECF #4-1 at PageID 27). Mr. Nur remains in custody at the Northeast Ohio Regional Correctional Facility.

ICE claims it is currently facilitating Mr. Nur's removal to a third country. (*Id.*). ICE denies any institutional barriers prevent removing Mr. Nur to a third country in the reasonably foreseeable future. (*Id.*). ICE is in possession of Mr. Nur's Somali passport, which is valid until April 11, 2028. (*Id.* at PageID 26; ECF #1 at PageID 6). Mr. Nur has offered to pay for his own travel out of the United States. (*Id.*).

## LAW AND ANALYSIS

Mr. Nur argues he has been imprisoned in violation of federal law and his right to due process of law for longer than 90 days and is subject to "endless" custody. (ECF #1 at PageID 2, 6-7). He requests the Court expedite his removal from the United States or release him from ICE custody. (*Id.* at PageID 7). Respondents argue that Mr. Nur is lawfully detained because he is subject to a final order of removal and his detention has been extended beyond 90 days because he

---

[1] The Convention Against Torture and Other Cruel, Inhuman, or Degrading Punishment, art. 3, Dec. 10, 1984, S. Treaty Doc. No. 100–20, p. 20, 1465 U.N.T.S. 85, prohibits signatory countries from returning a person to a country where there are "substantial grounds for believing he would be in danger of being subjected to torture." The United States ratified the Convention in 1998, and it is implemented at 8 C.F.R. §§ 1208.16(c) and 1208.18.

has been deemed a risk to the community due to his aggravated felony convictions. (ECF #4 at PageID 21).

Under 28 U.S.C. § 2241, the district court may review the constitutionality and statutory basis of executive detention. *Rosales-Garcia v. Holland*, 322 F.3d 386, 394 (6th Cir. 2003). Habeas actions under Section 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Ordinarily, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This 90-day period is known as the "removal period," during which "the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Respondents concede that Mr. Nur "is now outside of the 90-day removal period during which the government shall detain the individual." (ECF #4 at PageID 21) (quotation omitted). But Respondents argue Mr. Nur's detention has been extended "because he has been deemed a risk to the community due to his aggravated felony conviction." (*Id.*).

Under 8 U.S.C. § 1231(a)(6), "[a]n alien ordered removed who is . . . removable under [8 U.S.C. § 1227(a)(2)] . . . or who has been determined by the Attorney General to be a risk to the community . . . may be detained beyond the removal period." Courts have routinely found this extension applies when the noncitizen is removed under § 1227(a)(2) based on an aggravated felony conviction. *See Zaeri v. Noem*, No. 2:25-cv-2219, 2025 WL 3765108, at *1 (D. Nev. Dec. 30, 2025); *Kamyab v. Bondi*, No. C25-389, 2025 WL 2917522, at *1 (W.D. Wash. Oct. 14, 2025). Mr. Nur was ordered removed under § 1227(a)(2) for his conviction in Virginia for felony sexual penetration with an animate or inanimate object in violation of Virginia Code Ann. § 18.2-67.2. (ECF #4-1 at PageID 26). In his petition, Mr. Nur has not challenged his removability on this basis. Thus, he may be detained beyond the 90-day removal period.

But the government may not extend detention beyond the 90-day removal period under § 1231(a)(6) "indefinitely." *See Zadvydas*, 533 U.S. at 682. The Supreme Court "read an implicit limitation into the statute . . . in light of the Constitution's demands" that "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." *Id.* at 689. Detention of an alien subject to a final order of removal for up to six months is presumptively reasonable given the time needed to accomplish the removal. *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no

significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Mr. Nur was taken into ICE custody on August 22, 2025. (ECF #1 at PageID 6; ECF #4-1 at PageID 25; ECF #4-2 at PageID 29). Mr. Nur filed his petition on November 17, 2025. (ECF #1). Because Mr. Nur has not been in post-removal detention for at least six months, his detention under 8 U.S.C. § 1231(a)(6) is presumptively reasonable and "any challenge to that is therefore not ripe for review." *See Kumar v. U.S. Dep't of Homeland Sec.*, No. 19-2404, 2020 WL 2904685, at *1 (6th Cir. June 1, 2020).

Mr. Nur may re-file his petition once the six-month detention period expires. *See Man Lung Lo v. United States AG*, No. 1:15-cv-675, 2016 U.S. Dist. LEXIS 68077, at *2 (N.D. Ohio May 24, 2016) (dismissing petition without prejudice where petitioner had not been detained for at least six months). If he does so, he must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to Somalia or elsewhere. *See Zadvydas*, 533 U.S. at 701. Mr. Nur must allege facts suggesting his detention will be "indefinite" and "potentially permanent." *See Jiang Lu v. U.S. ICE*, 22 F.Supp.3d 839, 844 (N.D. Ohio 2014). But "[m]erely alleging that a date for travel has not yet been set, is insufficient to demonstrate indefinite detention." *Id.* at 843. And Mr. Nur must provide more than "mere delay by the foreign government in issuing travel documents, despite reasonable efforts by United States authorities to secure them." *See Manjulaben v. ICE*, No. 4:25-cv-2252, 2025 WL 2977713, at *2 (N.D. Ohio Oct. 22, 2025) (collecting cases). If Mr. Nur provides good reason, then "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

CONCLUSION

I recommend the District Court **GRANT** the Respondent's motion to dismiss and **DISMISS** the petition **WITHOUT PREJUDICE** to Petitioner's re-filing at a later time should he remain in ICE custody longer than six months.

Dated: January 13, 2026

4

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

## Objections, Review, and Appeal

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).